LqitiNGyJ.,
dissenting.
The counsel for the petitioner claimed that, under the joint resolution referring this case here, he was entitled to compensation for any inventions of his in the shell or fuses used by the United States, although they were not specified in the claims (technically so called) annexed to his .specifications, and for which the patents were issued.
I do hot concur in this. In our system of patent law an invention is not a ground of action'unless it is made so by a patent; and' to determine what inventions shall be patented, and thus become grounds of action, is not a judicial function-. That belongs to the Commissioner of Patents, whose knowledge and means of.information, comprehending the history of inventions, qualify him for the duty, while the. judicial knowledge of a court is confined to the evidence adduced in the case before it, and all it' can do is to determine the validity of the patent on its record, and the grounds of action on that as it' was issued. And it cannot alter the patent nor add a claim to it, for it.cannot know that such claim would have been allowed by the Commissioner, or that a patent would have been issued had the claims in it been otherwise than they are.
And I find nothing in'the resolution of June 3, 1864, from which I can infer a.legislative intent to alter our system of patent, law, or to vest in this court-a jurisdiction over these patents which was .to be independent of the law of patents. Qn the other, hand; I think the only purpose of this resolution was .to open this court to the claimant, and thus to give him what he would not have had otherwise, a judicial decision of *33 bis legal demands upon these patents against the United States. And I think that this is shown in the resolution.
The preamble of the resolution, which declares its purpose, states, as the reason of the reference here, that the mass of. testimony submitted with the patents, “especially in regard to the validity of the same,” prevented the committee from u giving the case the careful legal investigation its importance demands.” And a legal investigation into the validity of patents can only be made by and according to the law of patents. And the enacting clauses of the resolution conform to its purpose, and are to be construed in relation to it. They direct us to ascertain whether the claimant has a just and equitable right to compensation, and what amount of compensation he is entitled to. And right and title apply to legal claims, and not to a bounty or reward.
It was urged at the bar that the resolution directs us to investigate whether the petitioner is the “ original inventor” of the shell fuse and percussion device.
But this is to be construed with the rest of the resolution,, and with its preamble setting forth its purport, and with reference to the law pertaining to the subject. And then I think the words “ original inventor” cannot be construed literally, for an original inventor may not be the first inventor; and Congress could not have intended that the claimant should have .a right to and be entitled to compensation for a device invented by him years after it had been in use by the United States, or for an invention abandoned and never patented by him, nor disclosed till years after others had invented it, patented it,, and brought it into use. And it is observable that the claimant avers in his petition he was the first and original inventor of the device he patented.
It was also claimed for the petitioner that we might find him entitled to compensation for anything that he might, on the evidence before us, cover by a reissue of his patent. • But I think this is not so, for we cannot forestall the judgment of the Commissioner, nor assume that the evidence adduced here, which makes the extent of our j udicial knowledge, is all that his means of information will furnish him with for his conclusion, or that that will coincide with ours. Our action is tó be confined to the record before us, and wc cannot speculate on *34 what may appear before another tribunal, or on what may be done by it in a matter not within our jurisdiction.
For these reasons I think that this case is to be tried here by the same rules of law which govern actions on patents between individuals in courts having jurisdiction of such actions; and that the claimant can recover only on the claims authenticated by his patents and specified in them, and made public notice of what he claimed, and that he disclaimed all other grounds of action. This is the general rule of law, and the claim here ' is,' on its circumstances, a merely legal claim. The United States have paid once to other patentees the full price for all the benefits they have received, and the claimant now seeks to make them pay a second time for the same thing, on the ground of his priority of invention. Such a claim can rest only on a bare legal obligation, and the United States have, by purchase, all the rights and equities, and therefore all the defences of their vendors, and cannot, I think, in law or equity, be made to pay a second time for anything their vendors had a legal right to sell to them.
, . I dissent from the opinion of the majority of the court, so far as it finds the claimant entitled to recover on his patents for ■ the, time and' percussion fuses.
[The learned judge then reviewed the evidence at considerable length, and deduced therefrom facts materially differing from those found by the court. He concluded by saying: ]
And, on the whole case, I am of opinion that the claimant is not entitled to recover on the patents exhibited; that their assignment to the United States would convey to them no right or benefit, and that the petition should be dismissed.